IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| VX OPERATING, LLC | § | |
| | § | |
| v. | § | CIV. NO. _____ |
| | § | |
| DOC ENERGY SERVICES, INC. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **DOC Energy Services, Inc.**, ("Defendant"), and files this Notice of Removal from the 32nd Judicial District Court of Fisher County, Texas to the United States District Court for the Northern District of Texas, Abilene Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant would respectfully show the Court as follows:

### I.
### STATE COURT ACTION

1. On February 14, 2023, Plaintiff VX Operating, LLC ("Plaintiff") filed its original petition in the 32nd Judicial District Court of Fisher County, Texas, styled *VX Operating, LLC v. DOC Energy Services, Inc.*, Cause No. DC2023-0005 (the "State Court Action").

2. Plaintiff complains of damages resulting from the drilling and cementing of the Bradford #1 Well in Fisher County, Texas which commenced on or about October 12, 2022. Plaintiff asserted that Defendant improperly cemented the production casing in the Bradford #1 Well, breached the contract between the parties, and was also negligent in performing the cementing job.

3. Based on these allegations, Plaintiff asserts claims of breach of contract and negligence and seeks damages which include:

(1) the incurred costs in drilling the Bradford #1 Well which are in excess of $588,000;

(2) anticipated future costs to drill a replacement well in the approximate amount of $480,000, or a total of $1,065,000 in damages.

Plaintiff further sues to recover pre-judgment interest, attorney's fees, court costs, and post-judgment interest.

4. On March 22, 2023, Defendant filed this Notice of Removal, removing the State Court Action to this Court based upon diversity of jurisdiction as more fully described below.

## II.
## PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441, 1446(a).  Fisher County, Texas, where the suit is filed and where the Bradford #1 Well is located and where the actions of Defendant are alleged to have occurred, and is also within the Abilene Division for the Northern District of Texas.

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the Plaintiff's Original Petition filed February 14, 2023.

7. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** is a true and correct copy of the citation issued by the clerk of the 32nd Judicial District Court of Fisher County, Texas on February 21, 2023.

8. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit C** is a true and correct copy of the process server's return served February 22, 2023.

9.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit D** is a true and correct copy of case information showing the file of record with the Court in the State Court Action.

10. Paracorp, the registered agent for DOC Energy Services, Inc., was served with process on February 22, 2023. This Notice of Removal is filed on March 22, 2023, which is less than 30 days from the date Defendant was served with process. (**Exhibit C** – process server's return)

11. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing its original Notice of Removal in the 32nd Judicial District Court of Fisher County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit E.**

12. In addition, Defendant is attaching support for showing the parties are diverse for purposes of diversity jurisdiction. A copy of the filing from the Texas Secretary of State for VX Operating, LLC and an affidavit of Jayme L. Taylor, President and Director of DOC Energy Services, Inc. is attached hereto as **Exhibit F.**

### III.
### DIVERSITY OF CITIZENSHIP

13. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case for the reasons discussed below.

   **A. Diversity of Citizenship**

14. As of the filing and removal of this action, Plaintiff VX Operating, LLC was a limited liability company organized and existing under the laws of the State of Texas with its principal place of business being located in Abilene, Texas. *See* Ex.A., Pet., ¶2, State Court Action. "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on the documents on file

with the Texas Secretary of State, VX Operating, LLC, is a Texas limited liability company that has one member, an individual, Robert Brandon Mann.  Robert Brandon Mann resides in Abilene, Texas, making him a citizen of Texas for purposes of diversity jurisdiction.  Because the sole member of VX Operating, LLC, is a citizen of Texas, VX Operating, LLC, is a citizen of the State of Texas and no other state.

15.     As of the filing and removal of this Action, Defendant, DOC Energy Services, Inc., was a corporation organized and existing under the laws of the State of Louisiana with its principal place of business being located in Oil City, Louisiana.  *See* Ex.A., Pet., ¶3, State Court Action; *see* Affidavit of Jayme L. Taylor, President and Director of DOC Energy Services, Inc. **(Exhibit F).**  Defendant is now, and was at the time this action was commenced, a citizen of the State of Louisiana and no other state.

16.     Based on the allegations described above, diversity is complete between Plaintiff and Defendant.

      B.     **Amount in Controversy**

17.     Plaintiff seeks more than $1,000,000 in damages in his original petition.  *See* Ex. A, Pet., ¶21.  This case involves an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. § 1332; *See, Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("This [amount in controversy] requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000 . . .").

18.     Based on the value Plaintiff assigns to its claims on the face of the Petition, the amount in controversy exceeds $75,000. Moreover, there is complete diversity between the Defendant and Plaintiff in this lawsuit. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and this Notice of Removal is proper and timely filed.  *See* 28 U.S.C. §§ 1332(a),

1441, 1446.

## PRAYER

WHEREFORE, Defendant removes this action from the 32nd Judicial District Court of Fisher County, Texas, to the United States District Court for the Northern District of Texas, Abilene Division, so that this Court may assume jurisdiction over the cause as provided by law.

        Respectfully submitted,

        SHAFER, DAVIS, O'LEARY & STOKER, P.C.
        **1408 W. Wall, Midland, Texas 79701**
        P. O. Drawer 1552
        Odessa, Texas 79760-1552
        Phone: 432.332.0893 | Fax: 432.333.5002

By: _/s/ Dick Holland_

        Dick R. Holland
        Texas State Bar No. 09845050
        *dholland@shaferfirm.com*
        R. Layne Rouse
        Texas State Bar No. 24066007
        *lrouse@shaferfirm.com*
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document is being served this 22nd day of March, 2023 by electronic transmission on the following counsel of record –

    Charles C. Self, III        *cself@whittenfirm.com*
    The Whitten Law Firm, PC
    500 Chestnut, Suite 1402
    Abilene, TX 79602
    *Attorney for Plaintiff*

        _/s/ Dick Holland_
        Dick R. Holland